## Grace Building Company, Inc. v. County Line Development Corporation

## In Re Upset Sale, Tax Claim Bureau of Montgomery County

*Alfred O. Breinig,* for plaintiff.
*Alan E. Boroff,* for defendant.

LOWE, J., November 5, 1970.—Upon stipulation, the two above-captioned companion proceedings came on for trial before the undersigned sitting without a jury. Verdicts were duly entered, motions for judgment n.o.v. and for a new trial argued before the court en banc and dismissed, and thereafter two appeals perfected to the Superior Court of Pennsylvania necessitating this opinion.

In defending plaintiff's action to quiet title, defendant, County Line Development Corporation (hereinafter referred to as "County Line") petitioned this court to invalidate the September 9, 1968, upset sale of the 6.8 acres in question situate in Horsham Township, which sale was confirmed absolutely by the Hon. J. William Ditter on January 15, 1969. County Line

contends the notice provisions of the Real Estate Tax Sale Act of July 7, 1947, P. L. 1368, as amended, 72 PS §5860.101, et seq., were violated and that this resulted in a deprivation of its property without due process of law.

Township tax bills are to be rendered on or before July 15th, a five percent penalty is levied after November 15th and the tax collector has a duty to return the unpaid and delinquent taxables to the County Tax Claim Bureau previous to the first Monday of the next following May: 72 PS §5860.306. The 1966 County Line taxes remained unpaid through May 1967, and the local tax collector made his return as required. In so doing, he inadvertently reported County Line's address as 1423 instead of 1923 Old York Road, Abington. In June 1967, the bureau sent notice of the return and notice of entry of the claim by certified mail to the incorrect address. By reason of the nondelivery, and in accordance with the Real Estate Tax Sale Law, 72 PS §5860.308, both notices were posted on the property on July 13, 1967. No exceptions having been filed to the claim, it became absolute on January 1, 1968: 72 PS §5860.311.

To protect a taxable from deprivation of his property without due process, the Real Estate Tax Sale Law requires notice of the sale by posting the property and by publication: 72 PS §5860.602. Such procedures are followed only after a bona fide effort to give actual notice fails, and serve to preserve the statute from constitutional attack.

In July 1968, notice of the sale was forwarded to the 1923 address by registered mail. County Line concedes the letter was properly received and receipted by an employe having authority to do so. The sale was conducted September 9, 1968, and Grace Building Co., Inc., was high bidder at $2,600. After satisfying the

tax lien, together with interest and costs and sewer and curbing liens, a balance of $1,184.74 remained. This excess was remitted to County Line by the Treasurer of Montgomery County by check dated February 26, 1969. The check was received by County Line, accepted and deposited without question.

It is absolutely incredible that County Line would expect this court to believe it first learned of the tax delinquency and of the tax sale when the complaint in the action to quiet title was served June 14, 1969. By that time, the 1966 taxes were nearly three years overdue and the property had been posted on two occasions and there had been due advertisement. County Line had received and duly accepted a registered mail notice of the sale, and had accepted and deposited a check from the Treasurer of Montgomery County without inquiry.

The court is not unmindful of that principle of law which holds that posting and advertisement become "efficient only after the requirements as to the mailing of notice by registered mail to the owners' last known . . . address have been faithfully complied with": Watson v. Ciaffoni, 385 Pa. 16, 21 (1956). The court is likewise aware of the critical importance of the registered mail notice requirements as regards the notice of return and the entry of claim: 72 PS §5860.308(a). Such importance " . . . is emphasized by the fact that Section 314 of the Act, which deals with proceedings to attack the validity of a tax claim, provides in Sub-section (e) that 'No taxpayer shall have the right . . . to open a claim absolute under the provisions of this act, *except on the ground of payment of the tax involved or failure to receive notice*' ": Watson v. Ciaffoni, supra, 20.

In Watson v. Ciaffoni, supra, and the other authorities advanced by County Line, the tax sale was voided

because *both* the notice of the return and the notice of the sale were defective. Posting and advertising were held insufficient to cure the defects. The controversy at bar differs substantially from the authorities cited.

Chronologically, the first notice mandated by the act concerns notice of the return: 72 PS§5860.308(a). It is provided that registered or certified mail notice, return receipt requested, postage prepaid, is to be addressed to the owner personally and sent to his last known address. It was the numerical error which appeared in the tax collector's return that precipitated the present controversy and occasioned the failure of actual notice. It is important to remember that the only address of a taxpayer known to the Tax Claim Bureau is that furnished by the township tax collector. What further efforts should the bureau make to ascertain the correct address? Reasonably, the answer would appear to be little beyond a search of the records in other court house offices because, as has been observed in a case remarkably similar to this, in considering the necessity of further, extended investigation, "If it was necessary for the tax claim bureau to take such steps in every claim, the work of that office would increase in wild proportions, and the act would be unworkable": Hamm v. Clauss, 83 D. & C. 49, 54 (1952). In the instant controversy, a search of other court house offices would have availed nothing.

The second notice mandated by the act concerns the time and place of the sale: 72 PS §5860.602. Its requirements are identical to the first, and as previously observed this notice was properly addressed, and received by an authorized employe of defendant corporation. Other provisions concerning posting and advertising were satisfied.

It becomes apparent that though the notice of return was improperly addressed and returned undelivered by the postal authorities, defendant corporation nevertheless had *actual* notice of the sale, because the second communication was properly addressed and received. It is of more than casual significance that in the authorities cited by defendant in support of its contention that the sale is void, the delinquent taxpayer received *no* notice of either the return or of the sale: Aronauer Appeal, 404 Pa. 654 (1961); Watson v. Ciaffoni, supra; Hess v. Westerwick, 366 Pa. 90 (1950). At least one lower court has previously grappled with this distinction, noted its critical character and pertinently observed that before a ". . . sale can be invalidated it must be shown not only that no notice was sent or that the notice sent was improper under the statute, but also that the owner had no knowledge of the sale prior to its being held": Kimmons v. Aronauer, 13 Chester 85, 87 (1965).

It is this court's belief that the law is, and should be, that the notice of the sale received by defendant served to cure the imperfections in the notice of the return. No authority to the contrary has been brought to the court's attention, nor has its own industry and research revealed such. The order of this court dated May 28, 1970, favorable to Grace Building Co., Inc., in the action to quiet title was entirely appropriate, and the companion order of even date dismissing the petition to invalidate the tax sale of September 9, 1968, and discharging the rule thereon was likewise correct.